UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ANGEL AGUILAR,**

        **Plaintiff,**

**v.**                        **Case No:  6:15-cv-577-Orl-37GJK**

**SANTANA PAINTING & CLEANING
SERVICES, INC.,**

        **Defendant.**

REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT (Doc. No. 11)**
>
> **FILED:**  **July 13, 2015**
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.**  **BACKGROUND.**

On April 9, 2015, Plaintiff filed a complaint (the "Complaint") against Defendant.  Doc. No. 1.  The gravamen of the Complaint is that Plaintiff, who was employed by Defendant as a painter, was not paid overtime wages for work he performed in excess of forty (40) hours per week.  *Id*.  As a result, Plaintiff asserts a claim for unpaid overtime wages in violation the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.  *Id*.

On May 18, 2015, Plaintiff filed a return of service, in which the process server averred that he served Defendant's registered agent on April 14, 2015.  Doc. No. 8.  On May 20, 2015,

Plaintiff filed a Motion for Entry of Default. Doc. No. 9. On May 21, 2015, the Clerk entered default against Defendant. Doc. No. 10.

On July 13, 2015, Plaintiff filed a Motion for Entry of Default Final Judgment (the "Motion"), along with an affidavit from himself and evidence pertaining to costs. Doc. Nos. 11; 11-1; 11-2; 11-3. Plaintiff maintains that the allegations in the Complaint and the evidence presented in support of the Motion demonstrate that he is entitled to default judgment against Defendant. Doc. No. 11 at 4-7. Plaintiff requests an award of damages and costs in the following amounts: 1) $9,009.00 for unpaid overtime wages and liquidated damages; and 2) $435.00 for the filing fee and service of process. *Id*. at 7-9.[1]

## II.   STANDARD OF REVIEW.

The Federal Rules of Civil Procedure establish a two-step process for obtaining a default judgment. First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default. Fed. R. Civ. P. 55(a). Second, after obtaining clerk's default, the plaintiff must move for default judgment. Fed. R. Civ. P. 55(b). Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2]

---

[1] Plaintiff does not request an award of attorney's fees. Doc. No. 11 at 9.

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To this end, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). To state a plausible claim for relief, plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). If plaintiff fails to meet this pleading standard, then plaintiff will not be entitled to default judgment.

If plaintiff is entitled to default judgment, then the court must consider whether plaintiff is entitled to the relief he or she requests in their motion for default judgment. With respect to a request for damages, plaintiff bears the burden of demonstrating that he or she is entitled to recover the amount of damages sought in their motion for default judgment. *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008). Unlike well-pled allegations of fact, allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages. *Id.* (citing *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)). Therefore, even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters[.]" *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately

reflects a basis for an award of damages).  Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a liquidated sum or one capable of mathematical calculation, the law requires the district court to hold an evidentiary hearing to fix the amount of damages.  *See S.E.C. v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005).  However, no hearing is needed "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages."  *See Id*. at 1232 n.13; *see also Wallace*, 247 F.R.D. at 681 ("a hearing is not necessary if sufficient evidence is submitted to support the request for damages").  A plaintiff may use affidavits in an effort to quantify their damages claim.  *Adolph Coors*, 777 F.2d at 1544

### III.   ANALYSIS.

#### A.  Clerk's Default.

Under the Federal Rules of Civil Procedure, a corporation may be served pursuant to: 1) the law(s) of the state where the district court is located or where service is made; or 2) the method(s) of service provided in the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 4(h)(1). The Federal Rules of Civil Procedure and Florida law each provide that a corporation may be served by serving the corporation's registered agent.  Fed. R. Civ. P. 4(h)(1)(B); Fla Stat. § 48.081(3)(a).  Here, Plaintiff served Defendant's registered agent on April 14, 2015.  Doc. No. 8. Therefore, Defendant had twenty-one (21) days from the date of service to respond to the Complaint.  Fed. R. Civ. P. 12(a)(1)(A)(i).  To date, Defendant has neither responded to the Complaint nor appeared in this action.  Accordingly, the Clerk properly entered default against Defendant.  Fed. R. Civ. P. 55(a).[3]

---

[3] The Court has subject matter jurisdiction over the claims pursuant to 28 U.S.C. §§ 1331 and 1337.  The Court also has personal jurisdiction over Defendant, as it is incorporated and conducts business in Florida.  Doc. No. 1 at ¶ 4.

**B. FLSA.**

An employee engaged in interstate commerce must be paid an overtime wage of one and one-half times his or her regular rate for all hours he or she works in excess of forty (40) hours per week. 29 U.S.C. § 207(a)(1). If an employee is not paid the statutory wage, the FLSA creates a private cause of action for that employee against his or her employer for the recovery of unpaid overtime wages and an equal amount of liquidated damages if the failure to pay overtime wages is found to be willful. *Id*. at §§ 216(b), 260. To establish a prima facie case of liability for unpaid overtime compensation under the FLSA, the plaintiff must demonstrate the following: 1) defendant employed him or her; 2) either (a) he or she was engaged in interstate commerce, or (b) defendant is an enterprise engaged in interstate commerce; 3) he or she worked over forty (40) hours a week; and 4) defendant did not pay him or her all of their overtime wages. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008).

**1. Employment.**

As defined by the statute, and subject to certain exceptions not at issue here, an "employee" is "any individual employed by an employer." 29 U.S.C. § 203(e)(1). The statutory definition of "employer" is similarly broad as it encompasses both the employer for whom the employee directly works, as well as "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" *Id*. at § 203(d). Given the broad definition of "employer," an employee "may file suit directly against an employer that fails to pay him the statutory wage, or may make a derivative claim against any person who (1) acts on behalf of that employer and (2) asserts control over conditions of the employee's employment." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011) (citing *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986)).

Plaintiff alleges and avers that Defendant employed him as a painter between November 17, 2013 and July 10, 2014. Doc. Nos. 1 at ¶ 10; 11-1 at ¶ 6. Plaintiff's main duties consisted of painting and cleaning. Doc. No. 1 at ¶ 8. Accepting these allegations and averments as true, the undersigned finds that Plaintiff has sufficiently demonstrated he was employed by Defendant.

**2. Coverage.**

In order to be eligible for overtime wages under the FLSA, an employee must demonstrate that he or she is covered by the FLSA. *Josendis*, 662 F.3d at 1298. An employee may demonstrate that he or she is covered under the FLSA's overtime provision by demonstrating one of the following: 1) he or she was engaged in commerce or in the production of goods for commerce (i.e., individual coverage); or 2) that the employer was engaged in commerce or in the production of goods for commerce (i.e., enterprise coverage). 29 U.S.C. § 207(a)(1); *Josendis*, 662 F.3d at 1298-99.

Here, Plaintiff maintains that Defendant was an enterprise covered by the FLSA throughout the relevant period. Doc. Nos. 1 at ¶ 15; 11 at 5-7. An enterprise is engaged in commerce or in the production of goods for commerce if it meets the following requirements:

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000[.]

29 U.S.C. § 203(s)(1)(A)(i)-(ii). A court "cannot presume for enterprise coverage either that the employer was involved in interstate commerce or that the employer grosses over $500,000 annually." *De Lotta v. Dezenzo's Italian Rest., Inc.*, Case No. 6:08-cv-2033-Orl-22KRS, 2009

WL 4349806, at *2 (M.D. Fla. Nov. 24, 2009) (citing *Sandoval v. Fla. Paradise Lawn Maint., Inc.*, 303 F. App'x 802, 805 (11th Cir. 2008)).

Plaintiff alleges that at all relevant times Defendant "had 2 or more employees engaged in interstate commerce, handling or otherwise working on materials that have been moved in or produced for interstate commerce." Doc. No. 1 at ¶ 19. Specifically, Plaintiff alleges and avers that he worked with painting equipment and supplies that were moved in and/or produced for interstate commerce. Doc. Nos. 1 at ¶ 19; 11-1 at ¶ 12. Plaintiff further alleges and avers that at all relevant times the annual gross revenue of Defendant was in excess of $500,000.00 per annum. Doc. Nos. 1 at ¶ 16; 11-1 at ¶¶ 10-11. Accepting these allegations and averments as true, the undersigned finds that Plaintiff has sufficiently demonstrated enterprise coverage.

### 3. Hours of Work per Week.

Plaintiff alleges and avers that he worked in excess of forty (40) hours per week during his employment with Defendant. Doc. Nos. 1 at ¶¶ 11, 25; 11-1 at ¶ 7. Specifically, Plaintiff alleges that he worked an average of eighteen (18) to twenty-four (24) hours of overtime per week. Doc. No. 1 at ¶ 11. As a result, Plaintiff avers that he worked an average of twenty-one (21) hours of overtime per week. Doc. No. 11-1 at ¶ 9. Accepting these allegations and averments as true, the undersigned finds that Plaintiff has sufficiently demonstrated that he worked in excess of forty (40) hours per week while employed by Defendant.

### 4. Unpaid Overtime.

Plaintiff alleges and avers that he was not paid overtime wages for any of the hours he worked in excess of forty (40) hours per week. Doc. Nos. 1 at ¶¶ 12, 25; 11-1 at ¶ 9. Accepting these allegations and averments as true, the undersigned finds that Plaintiff has sufficiently demonstrated that Defendant did not pay him overtime wages for all hours he worked in excess of

forty (40) hours per week.

In light of the foregoing, it is **RECOMMENDED** that the Court find that Plaintiff has sufficiently demonstrated that Defendant violated the FLSA's overtime provision, 29 U.S.C. § 207(a)(1).

### C. Damages.

Plaintiff was entitled to be paid one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours during a workweek. 29 U.S.C. § 207(a)(1). In a FLSA case, the plaintiff bears the burden of proving, "with definite and certain evidence, that he performed work for which he was not properly compensated." *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980) *implicitly overruled on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133-34 (1988). A plaintiff may establish his or her damages by affidavit. *See Adolph Coors*, 777 F.2d at 1544 ("Damages may be awarded only if the record adequately reflects the basis for [an] award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'") (quoting *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)). Additionally, "employees who prevail under the FLSA are entitled to recover liquidated damages unless the employer makes an affirmative showing that it acted in good faith." *Ojeda-Sanchez v. Bland Farms, LLC*, 499 F. App'x 897, 902 (11th Cir. 2012) (citing *Dybach v. Fla. Dep't of Corrections*, 942 F.2d 1562, 1566-67 (11th Cir. 1991)).

Plaintiff avers that he worked for Defendant between November 17, 2013 and July 10, 2014, and was paid an hourly wage of $13.00. Doc. No. 11-1 at ¶¶ 5-6. Plaintiff avers that he worked between fifty-eight (58) and sixty-four (64) hours per week, and thus averaged approximately twenty-one (21) hours of overtime per week. *Id.* at ¶¶ 8-9. Plaintiff avers that he was not paid time and one-half for any overtime work. *Id.* at ¶ 9. In light of the foregoing, Plaintiff

calculates his unpaid overtime wages as follows: $6.50 per hour ($13.00 ÷ 2) x 21 overtime hours per week x 33 weeks of employment = $4,504.50 in unpaid overtime wages. Doc. No. 11 at 8. On this record, the undersigned finds that Plaintiff has provided sufficient evidence to support his request for $4,504.50 in unpaid overtime wages.

Plaintiff also seeks an award of liquidated damages. Doc. Nos. 1 at 6; 11 at 8-9. Plaintiff alleges that Defendant willfully refused to pay him overtime wages. Doc. No. 1 at ¶ 26. Defendant has not presented any evidence of a good faith failure to pay overtime wages. Therefore, by virtue of Defendant's default, Defendant admits that it willfully violated the FLSA. *Ojeda-Sanchez*, 499 F. App'x at 902. As a result, the undersigned finds that Plaintiff is entitled to an award of liquidated damages. Accordingly, it is **RECOMMENDED** that the Court award Plaintiff $4,504.50 in unpaid overtime wages, and an equal amount of liquidated damages.

### D. Costs.

Plaintiff requests an award of $435.00 in costs, which represents $400.00 for the filing fee and $35.00 for service of process. Doc. Nos. 11 at 8-9; 11-2; 11-3. The FLSA mandates that in any action brought by an employee to enforce Sections 206 or 207 of the Act, the Court shall "in addition to any judgment awarded to the plaintiff or plaintiffs, allow . . . costs of the action." 29 U.S.C. § 216(b). In FLSA cases, courts may tax those costs permitted by 28 U.S.C. § 1920. *See Glenn v. General Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988) (finding that "nothing in the legislative history associated with Section 216(b)'s passage suggests that Congress intended the term 'costs of the action' to differ from those costs as now enumerated in 28 U.S.C.A § 1920").[4]

---

[4] Section 1920 permits the Court to tax the following as costs: 1) fees of the clerk and marshal; 2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; 3) fees and disbursements for printing and witnesses; 4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; 5) docket fess under section 1923 of this title; and 6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services. 28 U.S.C. § 1920.

A court, though, may not tax costs "in excess of those permitted by Congress under 28 U.S.C. § 1920." *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002).  The filing fee and fee for service of process are recoverable and reasonable.  28 U.S.C. § 1920(1). Accordingly, it is **RECOMMENDED** that the Court award Plaintiff $435.00 in costs.

### IV. CONCLUSION.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. No. 11) be **GRANTED**;

2. Judgment be entered in favor of Plaintiff and against Defendant in the total amount of $9,444.00;[5] and

3. Direct the Clerk to close the case.

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen (14) days after issuance of the Report and Recommendation containing the finding or conclusion.

Recommended in Orlando, Florida on September 21, 2015.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[5] This amount consists of $4,504.50 in unpaid overtime wages, an equal amount of liquidated damages, and $435.00 in costs.